UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOSSAM A. ALI, | Civil Action No. 23-21571 (RK) (JTQ) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| ANN KLEIN FORENSIC CENTER, et al., | |
| Defendants. | |

Plaintiff Hossam A. Ali, who is confined at Ann Klein Forensic Center ("AKFC"), has filed a Complaint against AKFC, Administrator Ms. Alloway, Officer Jackson, Officer J. Carter, Supervisor Prillo,[1] and the Mental Health Division of AKFC. (ECF No. 1.) Plaintiff seeks to proceed *in forma pauperis* ("IFP"). (ECF No. 1-3.) At this time, the Court grants Plaintiff's IFP application and screens the Complaint for dismissal under 28 U.S.C. § 1915(e).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Whether the "short and plain statement" requirement is satisfied "is a context-dependent exercise." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir.

---

[1] Plaintiff uses the spelling "Prilo" in some sections of the Complaint.

1

2010). "Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (cleaned up). To be a "plain" statement, a claim should identify specific defendants and their discrete actions. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although courts must liberally construe pro se litigants' pleadings, *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022), such litigants "must still allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The Court construes Plaintiff to bring his claims under 42 U.S.C. § 1983.[2] To state a claim for relief under § 1983, a plaintiff must "allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law." *Tormasi v. Lanigan*, 363 F. Supp. 3d 525, 534 (D.N.J. 2019). From the outset, states and their departments and agencies are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989); *Weisman v. New Jersey Dept. of Human Services*, 817 F. Supp. 2d 456, 464 (D.N.J. 2011). Thus, as a state hospital and arm of the state, AKFC is not a "person" within the meaning of § 1983. *Ali v. Ann Klein Forensic Center*, No. 21-00316, 2022 WL 138084, at *3 (D.N.J. Jan. 14, 2022) (dismissing complaint with prejudice as to AKFC because the entity is not a "person" under § 1983); *Williams v. Ann Klein Forensic Ctr.*, No. 18-9606, 2020 WL 614657, at *3 (D.N.J. Feb. 20, 2020) ("AKFC is not a 'person' amenable to suit under Section 1983."); *Hobson v. Tremmel*, No. 11–4590, 2013 WL 3930132, at *4 (D.N.J. July 30, 2013) ("AKFC is not a

---

[2] Plaintiff alleges that the basis for jurisdiction is "Diversity of Citizenship" and "U.S. Government Defendant" (Complaint at 2), but he has not sued any U.S. government defendants or pleaded any facts supporting diversity jurisdiction. The Court also does not construe Plaintiff to raise any state law claims, but Plaintiff is free to clarify the claims he is seeking to bring in an amended complaint.

2

'person' for purposes of liability."). The Court also dismisses the "Mental Health Division," as this division of AKFC likewise cannot be sued under § 1983.

In the "Statement of Claims" section of the Complaint, Plaintiff states that Defendants Officer Jackson and Supervisor Prillo, who were accompanied by other officers named Smoth[3] and Forsen, beat Plaintiff "on his heart" and broke his arm. (Complaint at 6.) Plaintiff also alleges that Officer Carter called him a Muslim Terrorist and made other derogatory comments. Plaintiff further alleges that Officer Jenkins "was fired in 2018" by the chief of security because he "shocked" Plaintiff, who "was unconscious," and other officers saw what happened. (*Id.*) Plaintiff further alleges that Officer Jones and Johnson, who are part of "the back team," helped Plaintiff eat his meals, as other unit officers did not give him his food many times. (*Id.*)

In the "Injuries" section of his Complaint, Plaintiff contends that "Officers beat me on my heart." (Complaint at 3.) As a result, Plaintiff went to the AKFC clinic and visited the hospital cardiologist who performed tests. (*Id.*) Plaintiff also alleges that officers broke his left arm and he was unable to move it for a long time. (Complaint at 3.)

In the "Relief" section of his Complaint, Plaintiff alleges that he "was beat[en] up from the Officers on Unit 2 for being Muslem [sic]," kept in a room by himself, and was not able to call his family for a year. (*Id.*)

Plaintiff has also submitted an attachment with the following additional facts:

> Officer Jackson, [illegible] the back team, and Supervisor Prillo with the company of at least 9 other officers broke my left arm. Beat me up, deny to give me my food a lot of time, keep saying "f" word about my God "Allah." Some officer throw the Quran on the floor and spit on as Officer Diaz other Officers while I was in Unit 2 [illegible] closing room for about a year keep blinking the lights as a result of that my sight is not normal anymore.

---

[3] Plaintiff also refers to this individual as "Smooth."

3

> Officer Mathyo, Jenkins, [and] Jones keep bringing the patient by my door telling me Allah felled [sic] you keep ant[a]gonize me—I didn't sleep for over 3 month ex[c]ept a few minutes a day.
>
> Officer Carter on Unit 6 since October 7 and until I sent this form repeatedly insult me by saying I'm a Muslem [sic] Terrorist we gonna kill all the Muslems [sic] in the Middle East. He also Abuse and Neglect if I want to take a shower he say shower time is over. [B]ut if any other person he can take a shower it's okay. I was sick for a long time and I have short breath as a result of get beating on my heart.

(Complaint at 4-5.)

Plaintiff appears to be involuntarily committed at AKFC.[4] The Court construes him to raise a claim for excessive force against Officers Jackson and Supervisor Prillo for allegedly beating him up and breaking his arm. The Due Process Clause of the Fourteenth Amendment bars state punishment of persons who are not convicted of a crime, including pretrial detainees and individuals who are civilly committed. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005); *Youngberg v. Romero*, 457 U.S. 315–16 (1982) (holding that the right of an involuntarily committed individual to be protected from cruel and unusual punishment and bodily restraint is guaranteed by the Fourteenth Amendment's Due Process Clause). Whether a condition of civil confinement is unconstitutional thus turns on whether it is imposed for the purpose of punishment or whether it is incidental to a legitimate government purpose. *Bell*, 441 U.S. at 435–39. "[T]he subjective Eighth Amendment standard does not apply to pretrial detainees." *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 194 (3d Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015)).

---

[4] AKFC "provides care and treatment to individuals suffering from mental illness who are also within the legal system." *See* New Jersey Department of Health, State Psychiatric Hospitals, available at https://www.nj.gov/health/integratedhealth/hospitals/annklein/ (last visited August 20, 2025). Plaintiff, however, does not provide any facts about his criminal history.

The Court applies the *Kinsley* standard to Plaintiff's excessive force claims. *See Aruanno v. Maurice*, 790 F. App'x. 431, 433 (3d Cir. 2019) (citing *Youngberg*, 457 U.S. at 321-22) (applying *Kinsley* standard to excessive force claim brought by civil detainee). Under *Kingsley*, 576 U.S. at 396–97, a pretrial detainee bringing a Fourteenth Amendment excessive force claim must show that "the force purposely or knowingly used against him was objectively unreasonable." To assess the claim, the Court considers all the circumstances including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397.

At this early stage, the Court allows the excessive force claims against Officer Jackson and Supervisor Prillo to proceed based on Plaintiff's allegations that these officers beat him up and broke his arm.[5]

Plaintiff also alleges that an individual named "Jenkins" shocked Plaintiff and was fired from AKFC in 2018. To the extent Plaintiff seeks to bring an excessive force claim against Jenkins for allegedly shocking him, this incident would have occurred prior to Jenkin's firing in 2018. Thus, any claim under § 1983 would be barred by the two-year limitations period and is dismissed without prejudice on that basis. *See Montgomery v. DeSimone*, 159 F.3d 120, 126 & n. 4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (finding that New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14–2, governs claims under section 1983); *see also Kach v. Hose*, 589 F.3d 626, 634-35 (3d

---

[5] It is unclear whether Plaintiff is attempting to sue other officers in connection with this incident of alleged excessive force. If so, Plaintiff may file a motion to amend pursuant to Fed. R. Civ. P. 15, but he must provide sufficient facts so these defendants can be identified in discovery.

Cir. 2009) ("Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based.") (cleaned up).

The Fourteenth Amendment also applies to a civil detainee's conditions of confinement claims and provides at least as much protection as the Eighth Amendment cruel and unusual punishment standard, which applies to conditions claims brought by convicted prisoners. *See Youngberg*, 457 U.S. at 315-16 ("If it is cruel and unusual punishment to hold convicted criminals in unsafe conditions, it must be unconstitutional to confine the involuntarily committed—who may not be punished at all—in unsafe conditions."). Here, even if Plaintiff could state a claim under the Fourteenth Amendment for denying him food on occasion, subjecting him to blinking lights, keeping him alone, and not allowing him to contact his family, Plaintiff provides insufficient facts regarding the person or persons who subjected him to these particular conditions. A Plaintiff alleging a § 1983 claim must allege the conduct, time, place, and persons responsible for the alleged unlawful conduct. *Evanco v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Moreover, a complaint does not allow a defendant to meaningfully respond if it is not clear what each defendant is alleged to have done and how each defendant is liable to the Plaintiff. *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 916 (E.D. Pa. 2019). Because Plaintiff's conditions of confinement claims do not meet the minimum pleading requirements, the Court dismisses them without prejudice for failure to state a claim for relief.

Plaintiff also sues Administrator Alloway, who is named in the caption, and mentions Officers Jones, Johnson, Mathyo, Jones, and Diaz in the body of the Complaint, but the Court is unable to discern how these individuals violated Plaintiff's constitutional rights. The Court

6

dismisses without prejudice the claims against these individual Defendants for failure to state a claim for relief.

Plaintiff may be attempting to assert equal protection claims for discrimination based on his religion or national origin. To state a claim for an equal protection violation, Plaintiff must allege "purposeful discrimination" or "different treatment from that received by other individuals similarly situated." *Road-Con, Inc. v. City of Philadelphia*, 120 F.4th 346, 359 (3d Cir. 2024) (quoting S*human ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005)).

Plaintiff alleges in a conclusory manner that unidentified officers beat him because he is Muslim, but he provides insufficient facts to support his conclusory allegation his religion or national origin motivated the alleged beating. The Court dismisses this equal protection claim without prejudice for failure to state a claim for relief. Plaintiff also alleges that Officer Carter insulted his religion, but "allegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983." *Brown v. Hamilton Twp. Police Dep't Mercer Cnty.*, N.J., 547 F. App'x 96, 97 (3d Cir. 2013). To the extent Plaintiff is claiming that Carter engaged in prohibited discrimination, he must provide additional facts showing that Carter purposely treated him differently from similarly-situated individuals on the basis of his religion and/or national origin. The Court also dismisses the equal protection claim without prejudice as to Carter.

For the reasons set forth in this Memorandum Opinion, the Court dismisses with prejudice the § 1983 claims against the AKFC and the Mental Health Department. The Court allows the Fourteenth Amendment excessive force claim against Officer Jackson and Supervisor Prillo to proceed. The Court dismisses without prejudice the excessive force claim against Officer Jenkins as time barred. The remaining § 1983 claims against the individual defendants

7

are dismissed without prejudice for failure to state a claim for relief and under Fed. R. Civ. P. 8 for failing to provide a plain statement. An appropriate Order follows.

ROBERT KIRSCH
United States District Judge